**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DWAYNE R. QUINEY,<br><br>                      Plaintiff,<br><br>vs.<br><br>LVMPD OFFICER KUAM, et al.,<br><br>                      Defendants. | Case No. 2:11-cv-00150-GMN-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Amended Complaint - Dkt. #7) |

      Plaintiff Dwayne R. Quiney is proceeding in this action *pro se* and *in forma pauperis*. On February 22, 2011, the court entered an Order (Dkt. #2) screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The court found that Plaintiff had stated a claim under 42 U.S.C. § 1983 against Defendants in their individual capacities for violations of Plaintiff's Fourth Amendment rights. However, the court dismissed Plaintiff's official capacity claims with leave to amend. The court allowed Plaintiff thirty days in which to amend his Complaint. Plaintiff filed an Amended Complaint (Dkt. #7) on March 16, 2011. The court will screen the Amended Complaint pursuant to § 1915(a).

      Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

The Amended Complaint (Dkt. #7) was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's Amended Complaint alleges that on December 13, 2010, he was leaving the Rangler Motel in  Las Vegas, Nevada.  He states that before he left the parking lot, he fastened his seatbelt, turned his lights on, and illuminated his turn signal.  He was pulled over by Defendants, Las Vegas Metroplitan Police Department ("LVMPD") Officers Kuam and Lopez, told to exit his vehicle, and was handcuffed.  Defendants searched the front interior of his car, and they scanned the back seat with a flashlight.  When Plaintiff asked why he was being stopped, Defendant Kuam stated it was because Plaintiff is black and present in a high drug trafficking area.  Plaintiff states he remained handcuffed for fifteen or twenty minutes while Defendant Kuam ran his driver's license.

/ / /

/ / /

### I.     Plaintiff's Official Capacity Claims.

In order to state an official capacity claim, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff's amended complaint does not allege that LVMPD had any custom, procedure, policy or practice which violated his constitutional rights. Rather, he alleges the individual officers he has named *violated* LVMPD Academy training and official policy when they pulled him over and handcuffed him without probable cause. Plaintiff may not sue individual officers in their official capacity, and has not asserted an official capacity claim against LVMPD under 42 U.S.C. § 1983. Therefore, Plaintiff's official capacity claims against all of the Defendants will be dismissed.

### II.    Plaintiff's Fourth Amendment Claims.

Plaintiff is attempting to state a claim under the Fourth Amendment for an illegal search and seizure without probable cause. As a general matter, the Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. Here, Plaintiff asserts that the search of his car violated the Fourth Amendment because Defendants searched his property without probable cause and without a warrant. The Fourth Amendment does not require that police obtain a warrant to search an automobile when they have probable cause to believe it contains contraband or evidence of criminal activity. *See United States v. Ross*, 456 U.S. 498, 804-809 (1982); *Chambers v. Maroney*, 399 U.S. 42, 44, 52 (1970) (warrantless search of vehicle valid because police had probable cause to believe car contained evidence of service station robbery when car matched eye-witnesses' descriptions); *Carroll v. United States*, 267 U.S. 132, 153, 160, 162 (1925) (warrantless search of vehicle valid where police had probable cause to believe vehicle contained contraband because defendants agreed to sell illegal liquor to federal agent); *United States v. Henderson*, 241 F.3d 368, 648 (9th Cir. 2000) (warrantless search

valid because police had probable cause to believe luggage placed in car contained evidence of bank robbery in which defendant was suspect). Plaintiff alleges Defendants told him the only reason he was stopped was because he was a black male in a known drug area. Accepting these allegations as true, Plaintiff's Amended Complaint states a claim a Fourth Amendment violation.

Plaintiff also asserts he was unlawfully detained in handcuffs for fifteen or twenty minutes while Defendant Kuam ran Plaintiff's driver's license. For Fourth Amendment purposes, the seizure of a person occurs when a law enforcement officer in some way restricts the liberty of a citizen, either by physical force or show of authority. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). A citizen's liberty is restrained if, "taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Id*. at 437 (*quoting California v. Hodari D.*, 499 U.S. 621, 628 (1991)). The Fourth Amendment "prohibition against unreasonable searches and seizures extends to the investigatory stop of a vehicle." *United States v. Sigmond-Ballesteros*, 247 F.3d 943, 946 (9th Cir. 2001) (*citing United States v. Brignon-Ponce*, 422 U.S. 873, 878 (1975)). An officer making an investigatory stop of a vehicle "must have at least a reasonable suspicion of criminal misconduct before detaining a driver." *United States v. Rojas-Millan*, 234 F.3d 464, 468 (9th Cir. 2000) (*citing Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). As long as there is an objectively reasonable basis to perform a traffic stop, the stop will be permitted by the Fourth Amendment. *United States v. Morales*, 252 F.3d 1070, 1074 (9th Cir. 2001) (*citing Whren v. United States*, 517 U.S. 806, 813 (1996)).

The Ninth Circuit defines "reasonable suspicion" as "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Rojas-Millan*, 234 F.3d at 468-69 (*quoting United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000)). A police officer "is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also 'be grounded in objective facts and be capable of rational explanation.'" *Lopez-Soto*, 205 F.3d at 1105 (*quoting United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996)). If an officer does not have reasonable suspicion, the traffic stop violates the Fourth Amendment. Plaintiff alleges that Defendants told him the only reason he was stopped was because he was a black male in a known drug area.

Accepting these allegations as true, Plaintiff has stated a claim for a Fourth Amendment violation.

Based on the foregoing,

**IT IS ORDERED** that:

1. The Clerk of the Court shall file the Amended Complaint and shall issue Summons to Defendants, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

**IT IS RECOMMENDED** that Plaintiff's official capacity claims be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 5th day of April, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE